UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANDON REYNOLDS, a single individual, | CASE NO. C12-0488-RSM |
| Plaintiff, | ORDER DENYING IN PART AND STAYING IN PART DEFENDANT'S MOTION TO TRANSFER VENUE AND APPLICATION OF OREGON LAW |
| v. | |
| CENTIMARK CORPORATION, a Pennsylvania corporation, | |
| Defendant. | |

# I. INTRODUCTION

This is a personal injury lawsuit on behalf of Plaintiff Landon Reynolds against Defendant Centimark Corporation for negligence. Compl., Dkt. # 1, Ex. 2. This matter comes before the Court upon Defendant's Motion to Transfer Venue and Application of Oregon Law. Dkt. # 27. For the reasons set forth below, Defendant's motion is denied in part and stayed in part.

# II. BACKGROUND

## A. Statement of Facts

Plaintiff Landon Reynolds is a resident of Snohomish County, Washington. Defendant Centimark Corporation is a Pennsylvania corporation that has its principal place of business in Washington County, Pennsylvania, but conducts business throughout the United States.

In 2010, Defendant was a general contractor on a renovation project for a building located in Beaverton, Oregon. Defendant entered into a subcontract agreement with Big Lead Enterprises, LLC ("Big Lead") a Washington limited liability company whereby Big Lead would remove the existing roof of the building. Defendant has offices in both Auburn, Washington, and Portland, Oregon, but signed and executed the contract with the building owner and the subcontract with Big Lead through its Oregon office.

Employed by Big Lead in July 2010, Plaintiff was injured while working on the project when he fell through a skylight on the roof of the building. At the time of the accident, there were employees from both Big Lead and Centimark on the roof of the building. There was also no cover on the skylight nor a guardrail or protective system to prevent falls.

Plaintiff filed this suit in Washington Superior Court alleging that Defendant is negligent because Defendant breached its duty to comply with applicable safety regulations and its duty to provide a safe workplace.

Defendant removed the case to this Court and now moves to transfer venue to the District of Oregon and to apply Oregon state law.[1]

---

[1] Plaintiff has a pending motion for an extension of time (Dkt. # 37) and Defendant included two motions to strike (Dkt. # 45, 9-11) in its reply to the current motion. All of these motions are stricken as moot in light of the Court's ruling on this motion.

ORDER DENYING IN PART AND STAYING IN PART DEFENDANT'S MOTION TO TRANSFER VENUE AND APPLICATION OF OREGON LAW - 2

# III. DISCUSSION

## A.  Transfer of Venue Under 28 U.S.C. § 1404(a)

In the interest of justice, a district court has discretion to transfer any civil action to any other district for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). The court conducts an individualized case-by-case evaluation of a party's motion for a change of venue based on considerations of convenience and fairness. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In its evaluation, the court must weigh multiple factors to determine whether transfer is appropriate in a particular case. *Id.* These factors include

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. The court must also consider the relevant public policy, if any, of the forum state in its balancing of the § 1404(a) factors. *Id.* at 499. The defendant bears the burden "to show that the convenience of the parties and witnesses and the interest of justice require transfer to another district." *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1082 (N.D. Cal. 2008) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A plaintiff's choice of forum should not be disturbed unless the balance of the § 1404(a) factors weighs strongly in favor of the defendant. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In this case, both parties agree that Plaintiff's lawsuit could have been brought in the District of Oregon. Dkt. # 27, 8; Dkt. # 39, 4. Therefore, the Court examines the factors to determine which venue is most convenient and fair.

1.  The location where the relevant agreements were negotiated and executed

The relevant agreements between the parties were finalized in Oregon and contemplated work in Oregon. Dkt. # 27, 9. Plaintiff claims that he was not a party to the subcontract between Big Lead and Defendant; thus, it should not carry any weight. Dkt. # 39, 5-6. But, without the subcontract Plaintiff would not have been working or injured in Oregon. Because the subcontract was negotiated and executed in Oregon, this factor favors transfer. Dkt. #  29, ¶¶12, 16.

2.  The state most familiar with the governing law

Both parties dispute what law governs in this case. Plaintiff argues Washington law applies. Dkt. # 39, 6. Defendant argues Oregon law applies. Dkt. # 27, 9. The ultimate determination on choice of law bears minimal weight on the Court's venue evaluation because federal courts "are equally equipped to apply distant state laws when the applicable law is not complex." *Horizon House v. Cain Bros. & Co., LLC*, No. C11-1762JLR, 2012 WL 398638, at *2 (W.D. Wash. Feb. 7, 2012). Thus, this factor is neutral.

3.  The plaintiff's choice of forum

Courts give deference to a plaintiff's choice of forum. *See Decker Coal Co.*, 805 F.2d at 843. However, a plaintiff's choice of forum is only entitled to minimal consideration when "the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter." *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Additionally, a defendant need not show the same level of inconvenience as in a *forum non conveniens* analysis in order to support a § 1404(a) transfer. *Commodity Futures Trading Comm'n*, 611 F.2d at 279 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). Here, Plaintiff chose his forum in Washington. However, the operative facts giving rise to his claim occurred in Oregon. Thus, this factor weighs in favor of Plaintiff but the Court only gives it minimal consideration.

4.   The respective parties' contacts with the forum

Both parties have contacts with Washington. Plaintiff resides in Washington and Defendant does business and has an office in Washington. Dkt. # 39, 6. However, both parties also have significant contacts with Oregon. Plaintiff worked and was injured in Oregon. Dkt. # 1, Ex. 2. Defendant has an office and does business in Oregon. Dkt. # 47. This factor is neutral.

5.   The contacts relating to plaintiff's cause of action in the chosen forum

Plaintiff acknowledges that his injuries occurred in Beaverton, Oregon. Dkt. # 1, Ex. 2 at ¶3.2. But, Plaintiff alleges that his injury was also the result of an extended practice that originated in Washington. Dkt. # 39, 6.  Plaintiff offers no substantive evidence that the practice traveled from Washington to Oregon or that Defendant's Washington and Oregon offices colluded or interacted in any way. Without additional evidence, this factor favors a transfer because Plaintiff's direct injury occurred while working in Oregon, (Dkt. # 1, Ex. 2), for an employer under contract a with the Oregon office of Defendant. Dkt. # 29, ¶¶10-12, 16.

6.   The difference in costs of litigation

Generally, litigation costs are reduced when venue is located in a district near most of the witnesses expected to testify or be deposed and the "convenience of the witnesses is often the most important factor" when determining which forum would be the most convenient. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see also Nordquist v. Blackham*, No. C06-5433  FDB, 2006 WL 2597931, at *4 (W.D. Wash. Sept. 11, 2006). Additionally, the "relative financial strength of the parties to absorb the costs of litigation is a consideration in a transfer of venue analysis." *Ashmore v. Ne. Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 39 (D. Me. 1996) (citing *Federal Practice and Procedure* § 3849, at 408–10). Given that Plaintiff has identified at least eighteen witnesses that live in King or Snohomish

County, Washington, (Dkt. # 40, 2-3), and that Defendant is a large national corporation, (Dkt. # 39, 2), this factor strongly weighs in favor of Plaintiff.

7. The availability of compulsory process of non-party witnesses

The "availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 266 (S.D.N.Y. 1989). This factor is not helpful in regards to witnesses who are employees of their respective parties because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily." *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Therefore, the Court limits its evaluation to potential non-party witnesses that may lie beyond the power of the Court's subpoena power but within the subpoena power of the District of Oregon. Plaintiff has not identified any witnesses outside of the Court's subpoena power under Rule 45. FED. R. CIV. P. 45. Defendant only references non-party witnesses who are also employees located in Oregon. Dkt. # 27, 10. Even though deposition and video testimony may resolve some issues, live testimony is preferred, and the Court finds that this factor favors Plaintiff.

8. The ease of access to sources of proof

Plaintiff identifies only witnesses as his source of proof and contends that the construction site is of little significance. Dkt. # 39, 7. Defendant counters that the alleged accident site is located in Oregon and both Defendant and its critical witnesses are located in Oregon. Dkt. # 27, 10. This factor slightly favors Defendant.

9. The public policy considerations of the forums

No party has cited authority why Washington or Oregon has a greater interest in this case. Both parties claim that each state has public policy interest in the choice of law; however, the Court is not considering that issue at this point. Accordingly, this is a neutral factor.

1    Defendant bears the burden of establishing that the § 1404(a) factors require transfer.

2    *Getz*, 547 F. Supp. 2d at 1082. Where, as here, the factors are balanced, Defendant has not met

3    its burden. Thus, the Court denies Defendant's motion to transfer.

4    **B.  Choice of Law**

5    The parties differ as to the substantive law that should be applied. Plaintiff requests that

6    the Court apply Washington law while Defendant asserts Oregon law is most appropriate.

7    For diversity actions arising under 28 U.S.C. § 1332, federal courts apply "the forum

8    state's choice of law rules to determine the controlling substantive law." *Patton v. Cox*, 276 F.3d

9    493, 495 (9th Cir. 2002). In Washington, courts must first determine whether an actual conflict

10   of law exists before engaging in the choice of law analysis. *Seizer v. Sessions*, 132 Wash. 2d 642,

11   648, 940 P.2d 261 (Wash. 1997). If no actual conflict of law exists, the presumptive local law

12   applies. *Id.* at 649. An actual conflict arises in cases where "the result of the issues is different

13   under the laws of the two states. *Id.* at 648. In the event that an actual conflict exists, Washington

14   courts apply the "most significant relationship" test of the Restatement (Second) of Conflict of

15   Laws § 145 (1971). *Brewer v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1175 (W.D. Wash. 2006)

16   (citing *Johnson v. Spider Staging Corp.,* 87 Wash. 2d 577, 580, 555 P.2d 997 (Wash. 1976)).

17   This test requires courts to weigh the parties' state contacts by evaluating (1) where the injury

18   occurred, (2) where the injurious conduct occurred, (3) the parties' place of incorporation, place

19   of business, domicile, or place of residence, and (4) the place where the parties' relationship was

20   centered. *Id.* at 1176. The "approach is not merely to count contacts, but rather to consider which

21   contacts are most significant and to determine where these contacts are found." *Johnson,* 87

22   Wash. 2d at 581. If the contacts are evenly balanced between the parties, courts then "consider

23   'the interests and public policies' of the concerned states." *Brewer*, 447 F. Supp. 2d at 1176

24   (quoting *Johnson*, 87 Wash. 2d at 582).

1    The parties agree that an actual conflict between Washington and Oregon law exists. Dkt.

2    # 27, 10-12; Dkt. # 39, 7-8. Thus, the Court must apply the "most significant relationship" test.

3    However, Plaintiff has moved for an extension of time to provide sufficient time to

4    conduct discovery relevant to the choice-of-law determination. Dkt. # 37; FED. R. CIV. P. 6(b).

5    Plaintiff claims that discovery is necessary in order to obtain evidence to support Plaintiff's

6    claim of a pattern of practice regarding the lack of workplace safety precautions that began in

7    Washington and "carried over" to Oregon.[2] Dkt. # 37, 8. Defendant asserts that an extension of

8    time and further discovery are not necessary because no amount of discovery will change the fact

9    that the immediate injury occurred in Oregon. Dkt. # 42, 8.

10    Because the determination of the choice of law has great bearing on this case, the Court

11    proceeds with caution and finds that it is premature to rule on the choice-of-law issues posed in

12    Defendant's motion. Dkt. # 27. Although Plaintiff and Defendant have provided affidavits

13    regarding the "place where the conduct causing the injury occurred," more discovery will be

14    helpful in finally determining the choice-of-law issue. Consequently, the Court grants Plaintiff an

15    extension of 60 days from the posting of this Order to conduct discovery. At the conclusion of

16    which, Plaintiff must file a responsive brief to Defendant's Motion for Application of Oregon

17    law (Dkt. # 27) and limit its response to "the contacts relating to plaintiff's cause of action in the

18    chosen forum." Defendant will have the opportunity to file a reply per Local Rules W.D.Wash.

19    CR 7(d). The Court will address the specific due dates for the parties' briefing in a separate

20    minute order.

21

22    _____

23    [2] Plaintiff also asserts discovery is necessary in order to establish Defendant's contacts with
      Washington. Dkt. # 27. The Court disagrees and limits discovery and briefing to the parameters
24    established by the Court.

ORDER DENYING IN PART AND STAYING IN PART DEFENDANT'S MOTION TO TRANSFER VENUE
AND APPLICATION OF OREGON LAW - 8

1

## IV. CONCLUSION

2         Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

3   and the remainder of the record, the Court hereby finds and ORDERS:

4         (1)  Defendant's Motion to Transfer Venue (Dkt. # 27) is DENIED.

5         (2)  Defendant's Motion for Application of Oregon Law (Dkt. # 27) is STAYED.

6         (3)  Plaintiff's Motion for Extension of Time (Dkt. # 37) is GRANTED.

7         (4)  Defendant's Motions to Strike (Dkt. # 45, 9-11) are STAYED, pending the final
               submissions of the parties regarding the choice-of-law issues.
8
          (5)  The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel
9              of record.

10        Dated this 16th day of November 2012.

11

12

13        RICARDO S. MARTINEZ
          UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING IN PART AND STAYING IN PART DEFENDANT'S MOTION TO TRANSFER VENUE
AND APPLICATION OF OREGON LAW - 9