UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANDON REYNOLDS, a single individual,

Plaintiff,

v.

CENTIMARK CORPORATION, a Pennsylvania corporation,

Defendant.

CASE NO. C12-0488 RSM

ORDER ON MOTIONS

## I. INTRODUCTION

This is a personal injury lawsuit on behalf of Plaintiff Landon Reynolds against Defendant CentiMark Corporation for negligence. Dkt. # 1. This matter comes before the Court on Defendant's Motion for Leave to File Third-Party Complaint (Dkt. # 90), Plaintiff's Motion for Reconsideration (Dkt. # 92), and Plaintiff's Motion to Continue Trial Date and Modify Scheduling Order (Dkt. # 95). For the reasons that follow, Defendant's motion shall be granted, Plaintiff's motion for reconsideration shall be denied, and Plaintiff's motion to continue shall be granted.

## II. DISCUSSION

Plaintiff Landon Reynolds is a resident of Snohomish County, Washington. Defendant CentiMark Corporation ("CentiMark") is a Pennsylvania corporation that has its principal place of business in Washington County, Pennsylvania, but conducts business throughout the United States. CentiMark has offices in both Washington and Oregon.

In 2010, CentiMark was the general contractor for the removal and replacement of a roof on the BG Plaza medical professional building in Beaverton, Oregon. CentiMark entered into a subcontract agreement with Big Lead Enterprises, LLC ("Big Lead"), a Washington limited liability company, requiring Big Lead to remove the existing roof of the building. CentiMark signed and executed the contract with the building owner and the subcontract with Big Lead through its Oregon office.

Employed by Big Lead in July 2010, Plaintiff contends that he was injured while working on the project when he fell through a skylight on the roof of the building. At the time of the accident, there were employees from both Big Lead and CentiMark on the roof of the building. There was also no cover on the skylight or a guardrail or protective system to prevent falls.

Reynolds originally filed suit in King County Superior Court. CentiMark removed the case to this Court and moved to transfer venue to the District of Oregon and to apply Oregon state law. The Court denied CentiMark's motion to transfer venue, but granted the motion to apply Oregon law. Plaintiff now seeks reconsideration of the Court's determination that Oregon law applies in this case. Plaintiff also requests a seven month extension of the trial date. Defendant seeks leave to serve a third-party complaint on Big Lead. The Court addresses each motion in turn.

A.  Motion for Reconsideration

"Motions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. Reynolds contends that the Court's order on choice of law constituted error for two reasons. First, he argues that the Court erred by failing to address the relevant policies and interests of Washington and Oregon despite the fact that it found that the contact analysis set forth in the Restatement (2d) of Conflict of Laws § 145(2) favored Oregon. Second, he contends that the Court erred when it ruled that the relationship between the parties was centered in Oregon. With respect to the latter claim of error, Reynolds offers no authority to justify his position that the Court's prior ruling was erroneous, nor does he address the reasoning articulated by the Court in its prior order. With respect to the former, Reynolds contends that the Court was bound by precedent to weigh the competing interests of Washington and Oregon regardless of its determination that the contacts in this case ultimately favored application of Oregon law.

Although the § 145 contact analysis for tort claims is well established under Washington law, Plaintiff contends that courts must always evaluate the relevant policies and interests of the competing states when determining choice of law for tort claims. No case so holds. Although Plaintiff disagrees with the line of Washington appellate court cases holding that the policy and interest analysis is only necessary if the contacts of both states are evenly balanced, Plaintiff has not demonstrated that this Court's reliance on such reasoning constitutes manifest error. In this case, Plaintiff's injury occurred on a jobsite in Oregon. And, "[i]n personal injury cases, the most significant contact is presumptively the place where the injury occurred." *Brewer v. Dodson Aviation*, 447 F. Supp. 2d 1166, 1176 n.5 (citing *Zenaida-Garcia v. Recovery Sys. Tech., Inc.*,

128 Wash. App. 256, 261-62, 115 P.3d 1017 (Wash. Ct. App. 2005)). Moreover, of the four contacts to be considered under § 145, the Court found that only Plaintiff's residence favored application of Washington law. *See* Dkt. # 89. Because the factors and contacts appropriate to resolving of choice of law in this personal injury action overwhelmingly favored application of Oregon law, Plaintiff's motion for reconsideration shall be denied.

**B.  Motion to Continue Trial Date**

Pursuant to Fed. R. Civ. P. 16(b)(4), Plaintiff seeks a seven month extension of the trial date and modification of the Court's scheduling order. Defendant does not oppose an extension, but contends that seven months is too long. Because the parties did not substantively engage in discovery until the venue and choice of law motions were decided by the Court, a seven month extension is appropriate. Accordingly, Plaintiff's motion shall be granted. The Court will issue a new scheduling order.

**C.  Motion to Serve Third-Party Complaint**

Defendant seeks to serve a third party complaint on Big Lead, the subcontractor that employed Reynolds on the BG Plaza project. Pursuant to the Court's scheduling order, CentiMark filed its third party complaint on June 28, 2012. It did not serve the complaint against Big Lead at that time. Instead, CentiMark waited until the venue and choice of law issues were resolved and then sought leave of Court to serve the complaint. Plaintiff opposes the motion and contends that (1) several claims against Big Lead are not cognizable under Oregon or Washington law, (2) the addition of Big Lead would over-complicate trial, and (3) he will be prejudiced by the presence of Big Lead at trial. Dkt. # 93, pp. 2-3.

Federal Rule of Civil Procedure 14(a) provides for service of a third party complaint "upon a person not a party to the action who is or may be liable to [the defendant] for all or part of the plaintiff's claim." However, "while Rule 14 provides the procedural mechanism for the

assertion of a claim for contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability." *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989). Thus, the Rule requires CentiMark to show that it has the right to sue Big Lead for derivative liability for Reynold's claims against CentiMark. *See McSherry v. Capitol One FSB*, 236 F.R.D. 516, 519 (W.D. Wash. 2006).

Here, CentiMark's proposed third party complaint asserts claims against Big Lead for contribution, contractual indemnity, and breach of contract under Oregon law. Assuming, but not deciding that Oregon law applies to CentiMark's third party complaint, the issue before the Court is whether CentiMark's third-party claims are cognizable.

For its alleged right of contribution claim against Big Lead, CentiMark relies on O.R.S. § 31.800(1), which provides

> (1) Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

CentiMark also alleges that Big Lead is liable under the doctrine of contractual indemnity and for breach of contract because it failed to accept CentiMark's tender of defense and indemnity. CentiMark contends that under the Subcontract between CentiMark and Big Lead, Big Lead agreed both to (1) "defend and indemnify CentiMark from all claims arising out of or connected with its work" and (2) "secure adequate insurance coverage for CentiMark as an additional insured under Big Lead's liability insurance policy." Dkt. # 91, ¶¶ 21, 27.

Reynolds contends that both he and CentiMark are barred from suing Big Lead because Oregon's Worker Compensation law bars suits against an employer for injuries sustained by an employee during the course of employment. Under O.R.S. § 656.018, the liability of an

ORDER ON MOTIONS - 5

"employer who satisfies the duty required by ORS 656.017 (1) is exclusive and in place of all other liability arising out of injuries . . . arising out of and in the course of employment . . . ." Moreover, the immunity conferred by statute "specifically include[es] claims for contribution or indemnity asserted by third persons from whom damages are sought." *Id.* Reynolds argues that O.R.S. § 656.018 effectively bars any claims for contribution or indemnity against Big Lead by CentiMark arising from injuries sustained by Reynolds on the BG Plaza worksite.

Although CentiMark appears to acknowledge that the statute may bar its right of contribution claim as well as its contractual indemnity claim, it argues that Reynolds' objections are premature. Specifically, CentiMark contends that it cannot know, absent discovery, whether Big Lead discharged its statutory duty under O.R.S. § 656.017(1), which is required for immunity to apply under O.R.S. § 656.018. Oregon Revised Statute § 656.017(1) requires that employers either qualify as self-insured employers or make certain premium payments. As to whether the contribution and contractual indemnity claims are cognizable, there is no evidence before the Court showing that Big Lead complied with its statutory duty. And while Reynolds notes in a footnote that the question of whether Big Lead discharged its statutory duty is irrelevant given the fact that the Washington Department of Labor and Industries paid benefits to Reynolds (Dkt. # 93, p. 4, n.2), no authority was brought to the Court's attention to support such an assertion. Thus, the Court agrees with CentiMark that Reynolds' opposition to these claims is premature.

Although not specifically challenged by Reynolds, CentiMark's breach of contract claim for Big Lead's purported obligation to procure insurance is cognizable. Oregon courts have held that, unlike indemnity agreements directed to employment-related injuries, agreements to procure insurance coverage are permissible under O.R.S. § 565.018. *See Montgomery Elevator*

*Co. v. Tuality Community Hosp., Inc.*, 790 P.2d 1148, 1149-50 (Or. App. Ct. 1990). Therefore, the Court finds that CentiMark's contribution and indemnity claims, and its breach of contract claim at least preliminarily satisfy Rule 14(a). Reynolds' only other challenge concerns whether the inclusion of Big Lead will unnecessarily complicate trial or prejudice his case. The Court has a number of tools at its disposal to remedy potential confusion and prejudice, including issuing limiting instructions or bifurcating proceedings. Judicial economy would not be served by forcing CentiMark to file an independent suit against Big Lead at this time. Accordingly, the Court grants CentiMark leave to serve its third party complaint.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion for Leave to File Third Party Complaint (Dkt. # 90) is GRANTED;

(2) Plaintiff's Motion for Reconsideration (Dkt. # 92) is DENIED;

(3) Plaintiff's Motion to Continue Trial Date and Modify Scheduling Order (Dkt. # 95) is GRANTED.

The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated this 29th day of May 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE