# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LANDON REYNOLDS, a single individual, | ) |
| Plaintiff, | ) |
| vs. | ) No.  C12-488 RSM |
| CENTIMARK CORPORATION, a Pennsylvania Corporation; | ) **ORDER ON DISCOVERY MOTIONS** |
| Defendant. | ) |

This is a personal injury lawsuit on behalf of Plaintiff Landon Reynolds against Defendant CentiMark Corporation ("CentiMark") for negligence. This matter comes before the Court on Defendant CentiMark's Motion to Compel (Dkt. # 112); CentiMark's Motion for Leave to Serve More than 25 Interrogatories (Dkt. # 114), and Plaintiff's Motion to Compel (Dkt. # 116). The facts of the case are familiar to the parties and the Court and will not be repeated here. The Court previously continued the trial and related dates in this matter due to Plaintiff's counsel's health concerns and requested that the parties submit a status report to address whether the Court should rule on the pending discovery motions. Dkt. # 133. On

ORDER ON DISCOVERY MOTIONS - 1

December 31, 2013, the parties filed a status report wherein they stated the following: (1) CentiMark's motion to propound more than 25 interrogatories is ripe for review; (2) CentiMark's motion to compel should not be considered by the Court at this time; and (3) Plaintiff's motion to compel is ripe for review. Dkt. # 135. Because CentiMark's motion to compel need not be considered, the Court addresses only CentiMark's motion to serve additional interrogatories and Plaintiff's motion to compel.

**1. CentiMark's motion to serve more than 25 interrogatories**

CentiMark seeks leave to serve additional interrogatories with respect to Plaintiff's claims under Oregon Employer Liability Law and a claim for punitive damages, which were pled for the first time in the First Amended Complaint ("FAC"). *See* Dkt. # 108, ¶¶ 5.1-7.18, 8.6. Plaintiff did not oppose the motion by filing a response brief. Plaintiff's counsel did, however, file a declaration wherein he stated that "if the Court believes that defendant's discovery needs cannot be met with the existing discovery . . . plaintiff does not object to the issuance of overlength discovery . . . ." Dkt. # 122, Keane Decl. ¶ 3.

CentiMark states that it served its First Set of Interrogatories and Requests for Production on March 27, 2013. Dkt. # 114, p. 1. That production contained "approximately 25 interrogatories including discreet subparts." *Id.* at p. 2. Plaintiff filed the FAC on October 2, 2013. Dkt. # 108. On November 8, 2013, CentiMark served its proposed Second Set of Interrogatories and Requests for Production and sought Plaintiff's leave to serve additional interrogatories to obtain discovery relevant to the new liability and damages claims raised in the FAC. Plaintiff did not respond to CentiMark on this issue, which prompted CentiMark to file its motion with the Court.

Because the FAC raises new claims, and as Plaintiff has not meaningfully responded to CentiMark's motion, the Court finds CentiMark's request reasonable. Accordingly, CentiMark may serve the additional interrogatories.

**2. Plaintiff's motion to compel discovery**

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

When a party fails to answer an interrogatory or a request for production, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Plaintiff seeks complete answers from CentiMark for numerous Interrogatories ("ROGs") and Requests for Production ("RFPs") that he served in his First, Second, Third, and Fourth Sets of Discovery Requests. Although CentiMark served objections to many of the discovery requests, it does not now object to several requests and states only that it will "double-check" to make sure that it has provided complete responses. Plaintiff seeks a date certain on which CentiMark should be compelled complete its "double-checking." Given the unusually lengthy time period CentiMark has had to produce relevant discovery, a firm deadline for outstanding production is not unreasonable. However, the Court makes no finding that CentiMark has unreasonably withheld discovery in violation of Fed. R. Civ. P. 37. The motion shall be granted in part for the purpose of designating a deadline by which CentiMark must supplement its disclosures. Accordingly, CentiMark shall provide complete responses to all outstanding discovery requests, as discussed below, within <u>forty-five (45)</u> days of this Order.

A. Plaintiff's First and Second Set of Discovery Requests

**RFP 12 of First Set: all correspondence, email, memos, or notes concerning Big Lead.**

**RFP 14(b) of First Set and 2(b) of Second Set: Written safety materials and other documents relating to safety issues on jobs in Washington and Oregon involving Big Lead.**

CentiMark does not appear to substantively object to these requests. CentiMark states that its production of materials related to Washington and Oregon jobs thus far does not operate as a waiver of its position that jobs outside of Oregon are not reasonably calculated to lead to the discovery of admissible evidence. To the extent CentiMark contends that safety issues on Washington job sites are not discoverable because the worksite at issue in this case was in Oregon and Oregon substantive law applies, the Court disagrees. As noted by Plaintiff, evidence concerning CentiMark's knowledge of unsafe worksite practices of Big Lead outside of Oregon may be relevant to show what CentiMark knew about those practices, and then failed to address them, prior to the date of Plaintiff's accident. Such information may lead to the discovery of admissible evidence. Thus, CentiMark shall provide complete responses within forty-five (45) days of this Order.

B. Plaintiff's Third Set of Discovery Requests

Plaintiff has withdrawn Rog 1, RFP 1, Rog 4, Rog 9, and Rog 10. Therefore, those requests are stricken as moot.

**RFP 3: addenda to and modifications of the "Prime Contract."**

CentiMark does not object to this request. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**RFP 4: The schedule for work on the BG Plaza.**

CentiMark does not object to this request. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**Rog 2: Dates and attendees of the "pre-job meeting to determine jobsite logistics and safety requirements" on the BG Plaza job. RFP 2: Related documents.**

CentiMark does not object to this request. CentiMark shall provide complete responses within forty-five (45) days of this Order.

**Rog 3: Describe "proper safety equipment" you installed at the site of the project.**

CentiMark does not object to this request. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**RFP 6: CentiMark's written safety program.**

CentiMark interprets RFP 6 to seek a specific document entitled "written safety program." However, RFP 6 states as follows: "Produce "CentiMark's written safety program" . . . ." Dkt. # 116, p. 8. The RFP is not limited to a document entitled "written safety program." Rather, it requests a copy of CentiMark's written safety program, if it has one. CentiMark does not otherwise object to this discovery request. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**RFP 7: Organizational charts or other similar documents identifying all of your officers and managerial personnel and their titles, departments, and/or fields of responsibility, as of the time of plaintiff's injury.**

CentiMark contends that it has already produced a complete response to this request. Plaintiff argues that while CentiMark produced some information, subsequent discovery production revealed at least one other witness with personal knowledge of Plaintiff's accident that CentiMark failed to identify. Dkt. # 132, p. 4. CentiMark is obligated to fully answer this request and does not otherwise object. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**Rog 8: Describe all items of equipment that you supplied to Big Lead for its use on the BG Plaza project. RFP 11: Related documents.**

ORDER ON DISCOVERY MOTIONS - 5

CentiMark contends that it has already told Plaintiff that CentiMark did not provide safety equipment to Big Lead. However, Rog 8 is not limited to safety equipment. It requests "all items of equipment." CentiMark is obligated to fully answer this request and does not otherwise object. CentiMark shall provide a complete response within forty-five (45) days of this Order.

C. Plaintiff's Fourth Set of Discovery Requests

**RFP 1: With respect to every project on which you ultimately subcontracted with Big Lead Enterprises LLC ("Big Lead") prior to 07/25/2010, produce all bid documents you received from Big Lead (to the extent you have not already produced such documents) and all bid documents you received from any other bidder.**

CentiMark does not substantively object to this request. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**RFP 2: With respect to every project on which you ultimately subcontracted with Big Lead prior to 07/25/2010, produce all documents reflecting, relating or referring to your estimate of the amount of money you would have spent to perform the work done by Big Lead, if you had not subcontracted the work out to Big Lead.**

CentiMark does not substantively object to this request. CentiMark shall provide a complete response within forty-five (45) days of this Order.

**RFP 3: Job files, documents re safety issues, and citations/warnings, etc. with respect to jobs on which CentiMark hired Big Lead in states other than Washington and Oregon.**
**RFP 4: Documents identifying CentiMark employees who worked on such jobs.**

CentiMark objects on the basis that Big Lead jobs outside of Oregon are not relevant to the instant case. As discussed above, CentiMark's knowledge concerning Big Lead's jobsite practices *may* lead to the discovery of admissible evidence. CentiMark shall provide complete responses within forty-five (45) days of this Order.

**RFP 5 – Job files and documents relating to safety issues on Oregon projects other than those involving Big Lead.**

CentiMark objects that this request is overbroad and unduly burdensome. RFP 5, however, is restricted to Oregon, and restricted to a ten-year time period. The request is neither overbroad or burdensome. CentiMark shall provide a complete response within <u>forty-five (45)</u> days of this Order.

**RFP 6 – Citations, warnings, etc. re safety violations on projects outside of Washington and Oregon**.

CentiMark contends that this information is available via a public records request. Plaintiff states that Centimark's position is unsupported by authority. Because Plaintiff has failed to address whether this information is, in fact, available in the public record, the Court declines to compel CentiMark's response by the stated deadline.

The Court, having considered the motions, the responses and replies thereto, and the remainder of the record, hereby finds and ORDERS:

    (1) Defendant's Motion to Serve More than 25 Interrogatories is GRANTED;

    (2) Plaintiff's Motion to Compel (Dkt. # 116) is GRANTED in PART.

Dated this 17th day of January 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE